IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES O. SHEPHARD,** | ) | **CASE NO. 13-71197** |
| | ) | |
| Debtor. | ) | **CHAPTER 7** |

## MEMORANDUM DECISION

The matter before the Court is the Debtor's Application for Waiver of the Chapter 7 Filing Fee pursuant to 28 U.S.C. § 1930(f) (the "Application"). After due consideration of the facts and circumstances of this case, the Court, for the reasons noted below, concludes the Application should be denied.

### FINDINGS OF FACT

The Debtor filed a chapter 7 petition on July 22, 2013. The petition was deficient of Schedules A, B, C, D, E, G, and H. On the Summary of Schedules filed with the petition, the Debtor indicates no real property, personal property, property claimed as exempt, creditors holding secured claims, creditors holding unsecured priority claims, executory contracts or unexpired leases.

On Schedule I, the Debtor reports that he is retired and disabled, and his only income is $984.00 per month from a Social Security disability benefit.[1] The Debtor's Schedule J indicates average monthly expenses totaling $965.00, but adding up the itemized expenses yields an actual

---

[1] The Debtor lists a total of $984.00 in combined average monthly income on Schedule I, but he also lists monthly wages of $984.00 and Social Security disability income of $984.00. As the Debtor states that he is retired and disabled, it would appear that his total monthly income is $984.00.

total of $1,215.00.[2]  Using the corrected total, this leaves the Debtor with a negative monthly net income.[3]  The Debtor's chapter 7 petition, filed on July 22, notes no other financial information.

The petition further details that the Debtor filed a chapter 7 petition in the Eastern District of Virginia on September 1, 2010.[4]  The Debtor received a discharge of approximately $200,000.00 of unsecured debt from over two hundred creditors on January 18, 2011.  A review of the schedules filed in that case indicates that the Debtor's only income at that time was a disability benefit of $934.00.  In less than three years since the filing of that case, the Debtor has incurred, according to his Schedule F, $48,470.00 in new unsecured debt,[5] obtained from a total of fifty-nine creditors.  If the information contained in the Application is accurate, the Debtor has nothing whatsoever to show from all of this credit which has been extended to him and he is literally penniless.

Based on Schedules I and J filed with the petition, the Court finds that the Debtor, at the time the petition was filed, had income less than 150% of the official Federal guideline poverty level income and did not have the financial means to pay the filing fee.  It further finds that at the time of filing the petition on July 22, 2013, according to the information contained in Schedules I and J and the Application, the Debtor did not have the ability to pay such filing fee either in a lump sum or in installments over the period of time allowed to do so.

---

[2]    Schedule J indicates: (1) $650.00 for rent or home mortgage payment; (2) $280.00 for utilities; (3) $250.00 for food; (4) $15.00 for clothing; and (5) $20.00 for medical and dental expenses, equaling $1,215.00 in total average monthly expenses.

[3]    Schedule J, as filed with the petition, indicates $19.00 in monthly net income.

[4]    Case No. 10-74683.

[5]    Schedule F, as filed with the petition, indicates $48,420.00 in unsecured debt, but a recount of the listed creditors and subtotals indicates unsecured debt of $48,470.00.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. A request to waive a filing fee is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2) in that a request made to a bankruptcy court to waive a filing fee due under the statute to the Clerk of that court is inherently a matter involved with the administration of the case, if not the administration of the estate. Furthermore, Congress has expressly authorized bankruptcy courts in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to waive the ordinary chapter 7 case filing fee in certain cases where a debtor has neither the income nor the assets to pay the filing fee even in installments. 28 U.S.C. § 1930(f) permits the bankruptcy court to waive the filing fee in an individual debtor's chapter 7 case filed after October 17, 2005. *See* H.R. Rep. No. 31, 109th Cong., 1st Sess. 418 (2005). That authorizing statute provides as follows:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). On August 11, 2005, the Judicial Conference of the United States promulgated interim procedures to assist courts in implementing the fee waiver provision.[6]

---

[6] *See Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* available at http://www.uscourts.gov/FederalCourts/Bankruptcy/Bankruptcy

These Interim Procedures offer guidance of a very general nature in applying this test.  They provide that "the debtor has the burden of showing that the application should be granted." *Interim Procedures, supra,* at II.A.6.  See *In re Davis*, 372 B.R. 282, 285 (Bankr. W.D. Va. 2007).

Having made findings of fact that Mr. Shephard does not have the ability to pay the filing fee either in a lump sum or in installments over the period of time allowed to do so, in the normal case the Debtor's eligibility for waiver of that fee would be clearly established.  This, however, is not a routine case.  This case was filed less than three years after the filing of the 2010 case in which the Debtor obtained a Chapter 7 discharge.  11 U.S.C. § 727(a)(8) provides, "The court shall grant the debtor a discharge, unless the debtor has been granted a discharge under this section, under section 1141 or this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition."  Accordingly, it is clear that the Debtor is not eligible to obtain a Chapter 7 discharge in the present case.  So far as this Court's research has been able to determine, such a factual situation has not been presented in the published decisions applying 28 U.S.C. § 1930(f)(1).  Neither do the Interim Procedures address the issue of a debtor's eligibility for discharge.

Furthermore, there are other factors present here which the Court concludes are relevant to the question before the Court.  Specifically, neither the Application nor the information filed with the petition indicates that the Debtor has any property.  If that is true, there is no estate for a Chapter 7 Trustee to administer.  Additionally, Schedules I and J (after correction for error in

---

Resources/JCUSinterrimProcedures.aspx (promulgated Aug. 11, 2005).   No final procedures have ever been adopted.

addition) represent that the Debtor's monthly living expenses significantly exceed his income. Accordingly, there would be no basis upon which the Debtor could convert his case to chapter 13 and propose a confirmable plan. These circumstances lead the Court to the conclusion that this case will serve no purpose other than possibly to hinder, delay, or confuse Mr. Shephard's creditors. This in and of itself suggests an abuse of process within the contemplation of 11 U.S.C. § 105(a), which confers broad power on the Court to manage cases which only serve to delay, frustrate, or harass legitimate creditor interests. *See In re Gaudet*, 132 B.R. 670, 674 (D.R.I. 1991). To waive the filing fee for such a case would appear to condone the use of delay tactics by debtors, rather than to sanction them. Consequently, to deny the Application is fitting under 11 U.S.C. § 105(a).

## CONCLUSION

For the reasons discussed above, the Court concludes that the Debtor's Application for Waiver of the Chapter 7 Filing Fee should be denied. If Mr. Shephard is unable to make payment of a filing fee within thirty (30) days of this date, his case will be dismissed. An order to such effect will be entered contemporaneously with this decision.

DECIDED this 1st day of August, 2013.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE